**UNITED STATES DISTRICT COURT
FOR THE DISTRCT OF MASSACHUSETTS**

_____
                                                      )
ROBERTO CARLOS DOMINGUEZ,              )
     Plaintiff                                       )
                                                      )
v.                                                    )
                                                      )
UNITED STATES OF AMERICA,              )          Doc. No. _____
GREGORY C. NEVANO,                      )
STEVEN K. RONEY,                        )
JAVIER ROBLES,                          )
ICE DOES 1-10, and                      )
MASSACHUSETTS DOES 1-10,                )
     Defendants                                   )
_____)

## VERIFIED COMPLAINT

### INTRODUCTION

1.     This civil rights action seeks injunctive relief and compensatory and punitive

damages as a result of the wrongful and illegal detention and deportation of Plaintiff

Robert Carlos Dominguez, a 32-year-old United States citizen born and raised in

Lawrence, Massachusetts. Without any basis for believing Mr. Dominguez was not a

United States citizen, and indeed, with ample evidence that Mr. Dominguez was a U.S.

citizen (see copy of birth certificate attached as **Exhibit A**), officials from the

Massachusetts Department of Corrections ("MDC") illegally detained him and referred

him to the immigration officials and agents of the Immigration and Naturalization Service

("INS") (hereinafter "ICE")[1] as an undocumented immigrant whose country of birth was

the Dominican Republic, and through fraud, duress and undue influence have and

---

[1] In 2003, The Homeland Security Act placed the function of INS in the United States Immigration and Customs Enforcement ("ICE") under the Department of Homeland Security ("DHS"). Hereinafter, INS will be referred to as ICE under the DHS.

continue to threaten Mr. Dominguez with jail time and thus on a continuing basis do deprive Mr. Dominguez of his right to live in the United States as he is a United States citizen  despite the fact that Mr. Dominguez has claimed and in fact was born in Lawrence, Massachusetts and is thus a United States that is not subject to deportation.

## JURISDICTION AND VENUE

2.      This civil rights action is brought pursuant to, inter alia, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq. and other state and federal laws for relief from commission of tortious acts. This Court has jurisdiction over federal claims pursuant to the constitutional provisions enumerated and 28 U.S.C. § 1331 and § 1343 (3) and (4), as they are brought to redress deprivations of rights privileges and immunities secured by the United States Constitution and by law. Jurisdiction is also proper pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. This Court has jurisdiction over the supplemental state claims pursuant to 28 U.S.C. § 1367. Venue is proper in the United States District Court for the District of Massachusetts, under 28 U.S.C. § 1391(b), in that the Plaintiff resides in Lawrence, Massachusetts and a substantial part of the acts and/or omissions giving rise to Plaintiff's claim occurred in this district.

## PARTIES

### *Plaintiff Robert Carlos Dominguez*

3.     Plaintiff Robert Carlos Dominguez is a 32-year-old United States citizen of Dominican descent born on November 9, 1979 in Lawrence, Massachusetts. Mr. Dominguez resides at 65 Park Street, Lawrence, Massachusetts 01841.

4.     Mr. Dominguez was illegally deported to the Dominican Republic on or about September 1999 despite the full knowledge that he was the father of two children born in the United States and despite the fact he was born in the United States and that he made numerous claims of U.S. citizenship. At the time of his deportation he was told by the ICE Defendants that if he returned to the United States he would be thrown back in jail. These threats continue to this date as evidence by the immigration detainer dated October 2011 attached hereto as Exhibit B and the letter revoking his United States passport dated October of 2011 attached hereto as Exhibit C. As a result of these illegal acts, Mr. Dominguez was kept out of the United States and was deprived of his fundamental right to be a father to his two children for some ten years.

### *The United States of America, the ICE Defendants and the Massachusetts Defendants*

5.     Defendant United States of America is sued under the Federal Tort Claims Act for the wrongful and tortious acts of its employees and agencies, including its unlawful deportation, its threats to incarcerate Mr. Dominguez if he comes back to the United

States, its unlawful Immigration Detainer letter dated October 6, 2011, and other unlawful acts of fraud, duress, and undue influence, of which all are and were meant and intended to, and indeed did, coerce and intimidate Mr. Dominguez from returning to the United States and which acts and threats continue to this date. The United States is implicated by and through the actions, policies, patterns, practices and customs of DHS and/or ICE and its policy-makers, agents and officers.

6.      Defendant Gregory C. Nevano is or was at all times mentioned herein an Immigration Enforcement Agent with ICE. Nevano is sued in his individual capacity for his wrongful and tortious acts including his acts which led to Mr. Dominguez unlawful deportation and other unlawful acts of fraud, duress, and undue influence, of which all are and were meant and intended to, and indeed did, coerce and intimidate Mr. Dominguez from returning to the United States and which acts and threats continue to this date.

7.      Defendant Steven K. Roney is or was at all times mentioned herein an Immigration Enforcement Agent with ICE. Roney is sued in his individual capacity for his wrongful and tortious acts including his acts which led to Mr. Dominguez unlawful deportation and other unlawful acts of fraud, duress, and undue influence, of which all are and were meant and intended to, and indeed did, coerce and intimidate Mr. Dominguez from returning to the United States and which acts and threats continue to this date.

8.      Defendant Javier Robles is or was at all times mentioned herein an Immigration

Enforcement Agent with ICE. Robles is sued in his individual capacity for his wrongful

and tortious acts including his unlawful Immigration Detainer letter dated October 6,

2011.


9.      In addition to the foregoing ICE agents and officials, unknown named ICE agents

and officials are sued herein in their individual capacities under fictitious names as "ICE

Does 1-10" because their true names, titles, capacities, and/or degree of responsibility for

the acts alleged herein are unknown to Plaintiff at this time. When Plaintiff ascertains this

information, he will amend this Complaint accordingly. ICE Does 1-10 include, but are

not limited to, ICE Officials and Supervisors, ICE Officers, and/or Immigration

Enforcement Agents with ICE (collectively, the "ICE Doe Defendants"). Plaintiff is

informed and believes, and thereon alleges, that the ICE Doe Defendants are legally

liable to Plaintiff in some part for the wrongful acts and omissions of which Plaintiff

complains herein. Defendants Nevano, Roney, Robles and ICE Does 1-10 are hereafter

collectively referred to as the "ICE Defendants."


10.     Unknown named employees of the MDC are sued herein in their individual

capacities under fictitious names as "Massachusetts Does 1-10" because their true names,

capacities and/or degree of responsibility for the acts alleged herein are unknown to

Plaintiff at this time. When Plaintiff ascertains this information, he will amend this

Complaint accordingly. Massachusetts Does 1-10 are or were at all times mentioned

herein employees of the Massachusetts Department of Corrections. In this capacity, they

are or were responsible for the intake and processing of inmates upon arrival at MDC facilities, and the welfare and administration of medical care to detainees while they were incarcerated in MDC facilities. Thus, Massachusetts Does 1-10 were the custodian(s) of Mr. Dominguez and responsible for his care and well-being while an inmate at MDC facilities. Plaintiff is informed and believes, and thereon alleges, that Massachusetts Does 1-10 are legally liable to Plaintiff in some part for the wrongful acts and omissions of which Plaintiff complains herein. Massachusetts Does 1-10 are hereafter sometimes collectively referred to as the "Massachusetts Defendants."

11.     All of the Defendants acted in bad faith and contrary to established law and principles of constitutional and statutory law.

12.     Plaintiff is informed and believes and thereon alleges that each of the Defendants caused, and is liable for the unconstitutional and unlawful conduct and resulting injuries by among other things, personally participating in said conduct or acting jointly with others who did so; by authorizing, acquiescing or setting in motion policies, plans or actions that led to the unlawful conduct; by failing or refusing with deliberate indifference to maintain adequate supervision; and/or by ratifying the unlawful conduct taken by employees under their direction and control. Defendants' actions were taken pursuant to policies, customs or usages of ICE and/or the Massachusetts DOC.

## FACTUAL ALLEGATIONS

### *Robert Carlos Dominguez's Background*

13.     Robert Carlos Dominguez was born in Lawrence, Massachusetts on November 9, 1979. [See Exhibit A, attached hereto (Birth Certificate of Mr. Dominguez).]

14.     ICE unlawfully detained Mr. Dominguez first in New Hampshire, then in Boston, Massachusetts and finally at the Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, NY 14020. From on or about July 29, 1998 to 9/23/99, immigration officials and agents of ICE under the United States Department of Homeland Security ("DHS"), unlawfully detained Mr. Dominguez at the Buffalo Federal Detention Facility, 4250 federal Drive, Batavia, NY 14020.

15.     In the course of numerous interrogations, Mr. Dominguez told agents for the MDC as well as ICE that he was born in Lawrence, Massachusetts. MDC and ICE failed to investigate Mr. Dominguez claims that he was born in Lawrence, Massachusetts and accordingly a United States Citizen and thus not subject to deportation.

16.     Ignoring Mr. Dominguez's assertion of citizenship, ICE removed Mr. Dominguez to the Dominican Republic after an administrative removal hearing in which he received no legal assistance and kept Mr. Dominguez out of the United States (depriving him inter alia, of his constitutional rights and the loss of consortium with his children) for ten years. Mr. Dominguez was told by the ICE Defendants that he was being deported and that if he returned he would be subject to arrest as an illegal alien.

17.     While illegally deported, Mr. Dominguez was unable to secure any meaningful employment and was deprived of the ability to obtain an education so as to better his standard of living and make a future for himself and his children. Through friends and family, Mr. Dominguez was told to go to the United State Embassy in the Dominican Republic to see what, if any, paperwork he could obtain in order to return to the United States. Mr. Dominguez went to the embassy and, by simply submitting his birth certificate and some other documentation, Mr. Dominguez was granted a United States passport and he returned to the United States on or about September 2009-still uncertain as to his status and as to whether at any moment he would again be deported and/or thrown in jail.

18.     For over a year following his return to the United States, Mr. Dominguez lived a life in hiding and in fear of being arrested, jailed and again deported. The fear and pressure was unbearable. Unable to bear this pressure and fear any longer, Mr. Dominguez conferred with a lawyer in November 2010, hoping to "give himself up" whereupon he learned that he had been illegally detained and deported in 1999.

19.     Mr. Dominguez's illegal detention and deportation are the direct and foreseeable consequence of official policies, patterns, practices, and customs that manifest not only intentional discrimination based on race and ethnicity and a failure to recognize basic principles of due process, but also a reckless disregard for human life and liberty.

20.     Although the U.S. government has long been aware that its failure to implement

due process protections in its immigration detention and removal procedures results in

unjust detention, unfair hearings and illegal deportations, neither the Department of

Justice nor the Department of Homeland Security, Immigration and Customs

Enforcement have rectified the shortcomings in their procedures and policies, leaving

U.S. citizens like Mr. Dominguez vulnerable to erroneous apprehension, detention and

deportation.


21.     The United States government lacks the authority to deport one of its citizens. The

Constitution vests certain rights in every individual born within our national borders,

among these the right to live in this country. It is the obligation of the government, both

at the state and federal level, to protect the liberty and security of its citizens. In this case,

the government failed to protect Mr. Dominguez, and individuals who lacked the proper

training and oversight violated Mr. Dominguez's constitutional rights, causing Mr.

Dominguez profound physical and psychological injuries.


22.     To this date, the United States, through its agents and employees, continues to

deprive Mr. Dominguez of the privileges and immunities guaranteed to him under the

United States Constitution by, inter alia, refusing to recognize his status as a United

States Citizen, unlawfully requesting in October of 2011 that Massachusetts authorities

retain him in custody and that Mr. Dominguez surrender his United States Passport. See

attached **Exhibit B** (October 2011 ICE fax transmission to the Haverhill Police

Department together with Immigration Detainer) and also **Exhibit C** (October 2011 letter

revoking Mr. Dominguez United States Passport and failing to recognize his United States citizenship).

## FIRST CLAIM FOR RELIEF
### (False Imprisonment)
### (Federal Tort Claims Act)
### (Against Defendant United States of America)

23.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint.

24.     When ICE obtained custody of Mr. Dominguez, Mr. Dominguez had completed his entire sentence for a misdemeanor crime that resulted in his incarceration in the Massachusetts correctional facilities.

25.     ICE Defendants Gregory Nevano, Steven K. Roney, Javier Robles and ICE Doe Defendants 1-10, individually and as agents of the United States of America, intentionally and/or negligently and unlawfully deprived Mr. Dominguez of his liberty by (1) obtaining custody of Mr. Dominguez from the Massachusetts Defendants, (2) holding and detaining Mr. Dominguez, a United States citizen, in ICE custody for an appreciable period of time, (3) physically expelling Mr. Dominguez from the national borders of the United States, and (4) threatening Mr. Dominguez that if he returned to the United States he would be thrown in jail.

26.     These ICE Defendants were acting as agents for ICE and the Department of Homeland Security, and as agents of the United States of America when they committed these acts and threats of intimidation.

27.     Mr. Dominguez never consented to ICE's arrest, detention or deportation of him but acquiesced to the same under duress so as to be released from jail in 1999 and thereafter he remained out of the United States for ten years for fear of being thrown in jail and kept there for a long period of time if he returned. To this date, the United States continues to threaten and intimidate Mr. Dominguez. As early as October of 2011, the United States issued an illegal immigration detainer to the Massachusetts authorities and revoked his United States passport claiming that Mr. Dominguez is not a United States citizen-further depriving Mr. Dominguez of his Constitutional rights.

28.     As a direct and proximate result of these Defendants' conduct, Mr. Dominguez has suffered and continues to suffer damages in an amount to be proven at trial.

29.     On February 17, 2012, Mr. Dominguez filed a claim with the Department of Homeland Security based on these injuries in accordance with the Federal Tort Claims Act. On August 16, 2012, the Department of Homeland Security denied his claim.

**SECOND CLAIM FOR RELIEF**
**(Fourth Amendment to the U.S. Constitution) (False Imprisonment)**
**(Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics)**
**(Against ICE Defendants Gregory Nevano, Steven K. Roney, and ICE Doe**
**Defendants 1-10)**

30.     Plaintiff re-alleges and incorporates herein by reference each and every allegation

contained in the preceding paragraphs of this Complaint.

31.     When ICE obtained custody of Mr. Dominguez, Mr. Dominguez had completed

his entire sentence for a misdemeanor crime that resulted in his incarceration in the

Massachusetts correctional facilities.

32.     As a direct and proximate result of the unlawful and unconstitutional conduct of

ICE Defendants Gregory Nevano, Steven K. Roney, and ICE Doe Defendants 1-10, Mr.

Dominguez's detention was continued well beyond his scheduled release date.

33.     ICE Defendants Gregory Nevano, Steven K. Roney, and ICE Doe Defendants 1-

10 intentionally and unlawfully detained Mr. Dominguez in violation of his constitutional

right to be free from unreasonable seizures, as guaranteed by the Fourth Amendment to

the United States Constitution.

34.     These ICE Defendants acted under color of law and acted or purported to act in

the performance of official duties under federal, state, county, or municipal laws,

ordinances, or regulations. These ICE Defendants' conduct violated clearly established

constitutional or other rights of which ICE Defendants knew, or of which a reasonable public official should have known.

35.     These ICE Defendants' actions, omissions, policies, patterns, practices and customs, as complained of herein, were intentional and reckless and demonstrate a callous disregard for, or deliberate indifference to, Mr. Dominguez's personal safety, security, freedom and civil and constitutional rights.

36.     These violations are compensable under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

37.     As a direct and proximate result of the unlawful actions of these Defendants, Mr. Dominguez has suffered economic damages and significant physical and emotional harm.

## THIRD CLAIM FOR RELIEF
### (Negligence)
### (Federal Tort Claims Act)
### (Against Defendant United States of America)

38.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint.

39.     ICE Defendants Gregory Nevano, Steven K. Roney, and ICE Doe Defendants 1-10, individually and as agents of the United States of America, breached their duty of reasonable care by negligently acting or failing to act in such a way that resulted in Mr.

Dominguez's wrongful detention and deportation by ICE, which these Defendants knew or should have known posed a substantial risk of grave harm to Mr. Dominguez.

40.     ICE Defendants Gregory Nevano, Steven K. Roney, and ICE Doe Defendants 1-10 were negligent in performing their duties and failed, neglected and/or refused to properly and fully discharge their responsibilities by, among other things: failing to review readily available documentation, which stated that Mr. Dominguez was born in the United States and possessed a valid Social Security Number; failing to investigate Mr. Dominguez's claims that he was born in Lawrence, Massachusetts; creating and/or sanctioning policies, patterns, practices and customs of selecting inmates to detain, interrogate and deport based on their race and/or ethnicity; failing to adequately train and supervise personnel performing immigration duties; and detaining, holding and deporting a United States citizen.

41.     These ICE Defendants were acting as agents for ICE and the Department of Homeland Security, and as agents of the United States of America when they committed these acts.

42.     As a direct and proximate result of ICE Defendants' conduct, Mr. Dominguez has suffered and continues to suffer damages in an amount to be proven at trial.

43.     Mr. Dominguez filed a claim with the Department of Homeland Security based on these injuries in accordance with the Federal Tort Claims Act. More than six (6) months

have passed since Mr. Dominguez filed his FTCA claim with the Department of Homeland Security, and, to date, Mr. Dominguez has received no response.

44.     On February 17, 2012, Mr. Dominguez filed a claim with the Department of Homeland Security based on these injuries in accordance with the Federal Tort Claims Act. On August 16, 2012, the Department of Homeland Security denied his claim.

## FOURTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)
### (Federal Tort Claims Act)
### (Against Defendant United States of America)

45.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained the preceding paragraphs of this Complaint.

46.     ICE Defendants Gregory Nevano, Steven K. Roney, and ICE Doe Defendants 1-10 willful acts constitute outrageous conduct insofar as they were intended to cause Mr. Dominguez to be held in ICE custody, and expelled from the national borders of the United States.

47.     ICE Defendants Gregory Nevano, Steven K. Roney, and ICE Doe Defendants 1-10 intended to cause Mr. Dominguez emotional distress, and/or acted in reckless disregard of the likelihood of causing Mr. Dominguez emotional distress, in committing these acts.

48.     These ICE Defendants were acting as agents for ICE and the Department of

Homeland Security, and as agents of the United States of America when they committed

these acts.


49.     As a direct and proximate result of ICE Defendants' acts, Mr. Dominguez

suffered and continues to suffer severe mental anguish and emotional and physical

distress.

50.     Mr. Dominguez has incurred and continues to incur medical expenses and other

damages in an amount to be proven at trial.

51.     On February 17, 2012, Mr. Dominguez filed a claim with the Department of

Homeland Security based on these injuries in accordance with the Federal Tort Claims

Act. On August 16, 2012, the Department of Homeland Security denied his claim.


### FIFTH CLAIM FOR RELIEF

**(Fifth Amendment to the U.S. Constitution / Due Process)**
**(Federal Tort Claims Act)**
**(Against Defendant United States of America)**


52.     Plaintiff re-alleges and incorporates herein by reference each and every allegation

contained in the preceding paragraphs of this Complaint.


53.     By illegally, arbitrarily, and capriciously deporting Mr. Dominguez, a United

States citizen, to the Dominican republic, ICE Defendants Nevano, and Roney deprived

Mr. Dominguez of his constitutional right to liberty without due process of law in violation of the Fifth Amendment to the United States Constitution.

54.     Defendants Nevano and Roney violated Mr. Dominguez's constitutional rights when they deported or caused Mr. Dominguez to be deported without reasonable basis or lawful authority.

55.     ICE Defendants Nevano and Roney acted under color of law and acted or purported to act in the performance of official duties under federal, state, county, or municipal laws, ordinances, or regulations.

56.     The conduct of each of the ICE Defendants—Nevano, Roney and each ICE Doe Defendant—violated clearly established constitutional or other rights of which these ICE Defendants knew, or of which a reasonable public official should have known.

57.     These ICE Defendants' actions, omissions, policies, patterns, practices and customs, as complained of herein, were intentional and reckless and demonstrate a callous disregard for, or deliberate indifference to, Mr. Dominguez's personal safety, security, freedom and civil and constitutional rights.

58.     As a direct and proximate result of the unlawful actions of these Defendants, Mr. Dominguez has suffered economic damages and significant physical and emotional harm.

59.     On February 17, 2012, Mr. Dominguez filed a claim with the Department of

Homeland Security based on these injuries in accordance with the Federal Tort Claims

Act. On August 16, 2012, the Department of Homeland Security denied his claim.

### SIXTH CLAIM FOR RELIEF

**(Fifth Amendment to the U.S. Constitution / Due Process)**
**(Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics)**
**(Against Defendants Gregory C. Nevano, Steven K. Roney, and**
**ICE Doe Defendants 1-10)**

60.     Plaintiff re-alleges and incorporates herein by reference each and every allegation

contained in the preceding paragraphs of this Complaint.

61.     By illegally, arbitrarily, and capriciously deporting Mr. Dominguez, a United

States citizen, to the Dominican republic, ICE Defendants Nevano, and Roney deprived

Mr. Dominguez of his constitutional right to liberty without due process of law in

violation of the Fifth Amendment to the United States Constitution.

62.     Defendants Nevano and Roney violated Mr. Dominguez's constitutional rights

when they deported or caused Mr. Dominguez to be deported without reasonable basis or

lawful authority.

63.     ICE Defendants Nevano and Roney acted under color of law and acted or

purported to act in the performance of official duties under federal, state, county, or

municipal laws, ordinances, or regulations.

64.     The conduct of each of the ICE Defendants—Nevano, Roney and each ICE Doe

Defendant—violated clearly established constitutional or other rights of which these ICE

Defendants knew, or of which a reasonable public official should have known.

65.     These ICE Defendants' actions, omissions, policies, patterns, practices and

customs, as complained of herein, were intentional and reckless and demonstrate a

callous disregard for, or deliberate indifference to, Mr. Dominguez's personal safety,

security, freedom and civil and constitutional rights.

66.     These violations are compensable under Bivens v. Six Unknown Named Agents

of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

67.     As a direct and proximate result of the unlawful actions of these Defendants, Mr.

Dominguez has suffered economic damages and significant physical and emotional harm.

**SEVENTH CLAIM FOR RELIEF**
**(Fifth Amendment to the U.S. Constitution / Equal Protection)**
**(Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics)**
**(Against Defendants Gregory C. Nevano, Steven K. Roney, and**
**ICE Doe Defendants 1-10)**

68.     Plaintiff re-alleges and incorporates herein by reference each and every allegation

contained in the preceding paragraphs of this Complaint.


69.     By erroneously classifying Mr. Dominguez as an alien, and by coercing Mr.

Dominguez into making false admissions to being of Dominican descent, ICE Defendants

Gregory Nevano, Steven K. Roney, and ICE Doe Defendants 1-10 deliberately and

unconstitutionally discriminated against Mr. Dominguez on the basis of his race and

ethnicity so as to deny him equal protection of the law in violation of the Fifth

Amendment and Fourteenth to the United States Constitution.

70.     ICE Defendants Gregory Nevano, Steven K. Roney, and ICE Doe Defendants 1-10 acted under color of law and acted or purported to act in the performance of official duties under federal, state, county, or municipal laws, ordinances, or regulations.

71.     ICE Defendants acted with the intent or purpose to discriminate against Mr. Dominguez. These ICE Defendants' conduct violated clearly established constitutional or other rights of which these ICE Defendants knew, or of which a reasonable public official should have known.

72.     These ICE Defendants' actions, omissions, policies, patterns, practices and customs, as complained of herein, were intentional and reckless and demonstrate a callous disregard for, or deliberate indifference to, Mr. Dominguez's personal safety, security, freedom and civil and constitutional rights.

73.     These violations are compensable under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

74.     As a direct and proximate result of the unlawful actions of these Defendants, Mr. Dominguez has suffered economic damages and significant physical and emotional harm.

**EIGHTH CLAIM FOR RELIEF**
**(Fifth and Fourteenth Amendments to the United States Constitution / Due Process)**
**(42 U.S.C. § 1983)**
**(Against Massachusetts Defendants)**

75.     Plaintiff re-alleges and incorporates herein by reference each and every allegation

contained the preceding paragraphs of this Complaint.

76.     Massachusetts Does 1-10, in their individual capacities, deprived Mr. Dominguez

of his constitutional right to liberty and deprived him of this liberty without due process

of law as guaranteed by the Fifth and Fourteenth Amendments to the United States

Constitution by causing and/or participating in the illegal, arbitrary, and capricious

deportation of Mr. Dominguez, a United States citizen, to the Dominican Republic. The

Massachusetts Defendants caused and/or participated in Mr. Dominguez's deportation

without reasonable basis or lawful authority.

77.     The Massachusetts Defendants acted under color of law and acted or purported to

act in the performance of official duties under federal, state, county or municipal laws,

ordinances or regulations.

78.     The conduct of the Massachusetts Defendants violated clearly established

constitutional or other rights, of which Defendants knew, or of which a reasonable public

official should have known.

79.     The actions, omissions, policies, patterns, practices and customs of these

Defendants, complained of herein, were intentional, reckless, and show a callous

disregard for, or deliberate indifference to Mr. Dominguez's personal safety, security, freedom and civil and constitutional rights.

80.     These violations are compensable pursuant to 42 U.S.C. § 1983.

81.     As a direct and proximate result of these Defendants' conduct, Mr. Dominguez has suffered economic damages and significant physical and emotional harm.

## NINETH CLAIM FOR RELIEF
### (Fourteenth Amendment to the United States Constitution / Equal Protection)
### (42 U.S.C. § 1983)
### (Against Massachusetts Defendants)

82.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint.

83.     Massachusetts Does 1-10, in their individual capacities, unconstitutionally discriminated against Mr. Dominguez on the basis of his race and ethnicity so as to deny him equal protection of the law as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution and his liberty by causing or participating in the illegal deportation of Mr. Dominguez.

84.     The Massachusetts Defendants acted under color of law and acted or purported to act in the performance of official duties under federal, state, county or municipal laws, ordinances or regulations.

85.     The Massachusetts Defendants acted with the intent or purpose to discriminate against Mr. Dominguez.

86.     The conduct of the Massachusetts Defendants violated clearly established

constitutional or other rights, of which Defendants knew, or of which a reasonable public

official should have known.

87.     The acts, omissions, policies, patterns, practices and customs of these Defendants

complained of herein were intentional, reckless, and show a callous disregard for, or

deliberate indifference to Mr. Dominguez's personal safety, security, freedom and civil

and constitutional rights.

88.     These violations are compensable pursuant to 42 U.S.C. § 1983.

89.     As a direct and proximate result of these Defendants' conduct, Mr. Dominguez

has suffered economic damages and significant physical and emotional harm.

**TENTH CLAIM FOR RELIEF**
**(Fourth Amendment to the United States Constitution) (False Imprisonment)**
**(42 U.S.C. § 1983)**
**(Against Massachusetts Defendants)**

90.     Plaintiff re-alleges and incorporates herein by reference each and every allegation

contained in the preceding paragraphs of this Complaint.

91.     Massachusetts Does 1-10, in their individual capacities, violated Mr.

Dominguez's rights under the Fourth Amendment to the United States Constitution to be

free from an unreasonable seizure by a government official, by retainer Mr. Dominguez

past his release date and causing or participating in the illegal deportation of Mr.
Dominguez.

92.     The Massachusetts Defendants acted under color of law and acted or purported to
act in the performance of official duties under federal, state, county or municipal laws,
ordinances or regulations.

93.     The Massachusetts Defendants acted with the intent or purpose to discriminate
against Mr. Dominguez.

94.     The conduct of the Massachusetts Defendants violated clearly established
constitutional or other rights, of which Defendants knew, or of which a reasonable public
official should have known.

95.     The acts, omissions, policies, patterns, practices and customs of these Defendants
complained of herein were intentional, reckless, and show a callous disregard for, or
deliberate indifference to Mr. Dominguez's personal safety, security, freedom and civil
and constitutional rights. These violations are compensable pursuant to 42 U.S.C. § 1983.

96.     As a direct and proximate result of these Defendants' conduct, Mr. Dominguez
has suffered economic damages and significant physical and emotional harm.

**ELEVENTH CLAIM FOR RELIEF**
**(Fraud)**
**(Against All Defendants)**

97.    Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint.


98.    On or about September of 1999, without any basis for believing Mr. Dominguez was not a United States citizen, and indeed, with ample evidence that Mr. Dominguez was a U.S. citizen (see copy of birth certificate attached as **Exhibit A**), agents and officials from both ICE and the MDC made the material misrepresentation to Mr. Dominguez, a nineteen year old young man, that he was an illegal alien that was subject to deportation.

99.    Mr. Dominguez states that this material misrepresentation was made in order to induce Mr. Dominguez to rely on the misrepresentation and to acquiesce in his deportation. Mr. Dominguez, relying on the misrepresentation of authorities (whom he presumed knew the law and what his status as an alien was), did indeed acquiesce to his deportation as a result of this fraud, duress and intimidation.


100.    The conduct of the Defendants are the proximate cause of numerous violations of clearly established constitutional, statutory and other rights, of which Defendants knew, or of which a reasonable public official should have known.

101.     The acts, omissions, policies, patterns, practices and customs of these Defendants complained of herein were intentional, reckless, and show a callous disregard for, or deliberate indifference to Mr. Dominguez's personal safety, security, freedom and civil and constitutional rights.

102.     As a direct and proximate result of these Defendants' conduct, Mr. Dominguez has suffered economic damages and significant physical and emotional harm.

**TWELFTH CLAIM FOR RELIEF**
**(Duress and Undue Influence)**
**(Against All Defendants)**

103.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint.

104.     In the course of the deportation process, Mr. Dominguez was told by ICE officials that if he returned or attempted to return to the United States, he would be arrest and put in jail as an illegal alien.

105.     The threats of jail unduly influenced Mr. Dominguez to the extent that did not dare to enter the United States for fear of incarceration. It was under this duress that Mr. Dominguez was relegated to a life devoid of opportunity and the consortium of the children that he left behind in the United States.

106.    The threats of incarceration continue to this day as evidenced by the fact that, in October of 2011, officials from both ICE again requested that he be illegally detained and officials from the Department of State revoked Mr. Dominguez United States passport.

107.    As a direct and proximate result of these Defendants' conduct, Mr. Dominguez has suffered economic damages and significant physical and emotional harm.

### THIRTEENTH CLAIM FOR RELIEF
### (Loss of Consortium)
### (Against All Defendants)

108.    Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint.

109.    At the time of Mr. Dominguez's deportation, he had two children born in the United States.

110.    As a result of the Defendants illegal acts aforesaid, Mr. Dominquez was deprived of the society and companionship of his children for ten years.

111.    As a direct and proximate result of these Defendants' conduct, Mr. Dominguez has suffered economic damages and significant physical and emotional harm as a result of the loss on their social and recreational life and the deprivation of the of the full enjoyment of the parent-child relationship.

**FOURTEENTH CLAIM FOR RELIEF**
**(Intentional Infliction of Emotional Distress)**
**(Against All Defendants)**

112.     Plaintiff re-alleges and incorporates herein by reference each and every allegation

contained in the preceding paragraphs of this Complaint.


113.     As a result of the Defendants illegal acts aforesaid, Mr. Dominquez was deprived

of the ability to gain an education and build a career as well as the society and

companionship of his children and family for ten years. In short, Mr. Dominguez was

without a life for ten years and the consequences continue with him to this day. These

circumstances have led to the Defendant suffering from severe emotional distress

including, inter alia, depression.

114.     Defendants knew or should have known that severe emotional distress would

result from their conduct.

115.     Defendants conduct was outrageous exhibiting the highest order of recklessness,

ruthlessness and deliberate malevolence.

116.     As a direct and proximate result of these Defendants' conduct, Mr. Dominguez

has suffered economic damages and significant physical and emotional harm as a result

of the loss on their social and recreational life and the deprivation of the of the full

enjoyment of the parent-child relationship.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

1.     For general damages against the United States, ICE Defendants, inclusive of each ICE Doe Defendant, and the Massachusetts Defendants, jointly and severally, in an amount to be proven at trial;

2.     For special damages against the United States, ICE Defendants, inclusive of each ICE Doe Defendant, and the North Carolina Defendants, jointly and severally, in an amount to be proven at trial;

3.     For punitive and exemplary damages against the individual ICE Defendants, inclusive of each ICE Doe Defendant, and the North Carolina Defendants, jointly and severally, in an amount to be proven at trial;

4.     For reasonable costs, expenses, and attorneys' fees pursuant to 42 U.S.C. § 1988 and any other applicable law;

5.     For injunctive relief that the Court deems just and proper; and

6.     For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on any and all issues triable by a jury.

Respectfully Submitted,
Robert Carlos Dominguez,
By his Attorneys

/s/ Gerald A. Phelps
_____
Gerald A. Phelps, BBO # 555307
Joseph S. Oteri, BBO # 380865
Ivan S. Crnilovic, BBO # 651387
LAW OFFICE OF GERALD A. PHELPS
11 Lamppost Drive
Halifax, MA 02338
(781) 754-0825

## VERIFICATION

I, Roberto Carlos Dominguez, being duly sworn, hereby state that this Verified Complaint has been read and explained to me and that the facts asserted are upon my own knowledge, information and belief and insofar as said facts are upon information and belief, I believe said information to be true.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY** this _____ day of September 2012.

_____

Roberto Carlos Dominguez